Smith, J.
In this case, if the jury which rendered a verdict on the trial in the Superior Court in favor of Ford, the plaintiff below, believed the evidence offered by him and on his behalf, we think they were warranted in finding that in the month of October, 1887, a contract was entered into by and between him and the defendants, by which they agreed to and did rent from him the store room, (the rent for which is sued for in this action), for the unexpired part of the year 1887, and the full year of 1888, at the price of $80 per month. That they took possession and continued in the occupancy thereof until July,l, 1892, and paid the rental at the agreed price up to that time. That in January, 1889, it was agreed that they would keep the room for another year. That it was subsequently agreed that they were to keep it for the year 1890. That without any other or different arrangement they occupied it during the whole of the year 1891, paying the same rent therefor. That they continued in the possession -thereof from January 1, 1892, until July, 1, 1892, paying the same rent therefor, without any other or new contract or arrangement, other than this, that about June 1, 1892, the defendants notified Mr. Ford that they would leave the property on July 1. That Ford notified them that they were holding the property for the full year, and that he would hold them liable therefor. That the defendants claimed they were only tenants by the month, and left the property July 1. That plaintiff proposed to them to aid in renting the property *455 for the balance of the year after they left, the rent received to be a credit on his claim against them, this to be without prejudice to their claim. That when defendants left the house, Ford took charge of it under protest, and succeeded in renting it for one month. To this no objection was made by defendants. Plaintiff sued for six months’ rent from July 1, 1892, to January 1, 1893, crediting defendants with the rent received by him for the one month.
We have said that if the jury believed the evidence offered for plaintiff, they were warranted in finding the facts as above stated. As to one point, the evidence was conflicting. Defendants claimed that in the fall of 1891 they notified Ford that they expected to leave the store room during the coming year, and for that year they were to have it by the month. This was denied by the plaintiff, and as the jury must have found on this issue in favor of the plaintiff, we cannot say that this finding was so manifestly against the evidence as to justify us in holding that the trial judge erred in refusing to grant their motion for a new trial, based on this ground.
On this state of fact, were the defendants tenants by the month, or for the year 1892? We are of the opinion that they were entitled to the possession of .the property for the whole of the year, and therefore were liable to pay the agreed price of $80 per month,unless the fact of the renting it by Ford, for one month of the year after the defendants abandoned it, operated to release them. On the facts stated there was an express agreement for all of the year 1890, at a rental of $80 per month. The arrangement was not changed for the year 1891, during which time defendants continued in possession thereof, nor was it changed for 1892, the defendants continuing to hold possession after January 1 up to July, 1892. We understand the law to be as stated by Judge Day in deciding the case of Lodge v. White, 30 Ohio St. 569, 573. He says: “By a parol *456 agreement between the parties the plaintiff leased the premises to'the defendants for one year, from July 1, 1869, at a rent of $8,500, payable in monthly instalments. About the time of the expiration of the lease, and again a year afterward, the parties negotiated for a new lease, differing-in the terms and amount of rent; but upon the facts found, we think the Court might well hold that their minds never met in agreement upon a new lease, and that by reason of the continued possession of the premises by the defendants after the expiration of the lease for one year, and the-acceptance of monthly payments by the plaintiff at the same annual rent, the defendants were to be regarded as tenants-holding over from yeai to year.” * * * “Where a tenant holds over by the consent of the lessor, the law presumes the holding to be upon the terms of the original lease.”
This language is not carried into the syllabus of the case, but it is in accordance with reason, and the authorities as we understand them. Did the taking charge of the store room and the renting it for one month, after the abandonment óf it by the defendants, put an end to the right of the plaintiff to sue the defendants, and recover from them the six months’ rental, after crediting thereon the amount realized from the rental to the other party, on the facts disclosed in the case? We think not. The defendants left the premises with the distinct knowledge that the plaintiff claimed they were bound for the rent for the whole year, and against his protest, and he received the keys thereof under protest, and with notice that he would sue for the rent for the residue of the term. He proposed to them to aid him in renting the property for the unexpired term, without waiving any of their rights. They made no response to this, and offered no objection to his renting it. We are of the opinion that he might then rent it, without waiving his right, and perhaps that it was his duty to take *457 such steps as would lessen his damages'Jfor the breach of the contract by defendants.
Roelker & Jelke, for plaintiffs in error.
Wilby & Wald, for defendants in error.
We think the rulings of the trial court objected to were in accord with those principles, and we see no error therein, and the judgment of that court will be affirmed with costs, but without penalty.